UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-146-BR
No. 7:16-CV-153-BR

| | |
|---|---|
| ERIC JEVONNE BENNETT,  )<br>  Petitioner,  )<br>  )<br>          v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  Respondent.  )<br>  )<br>  ) | ORDER |

This matter is before the court on petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (DE # 86.) Petitioner contends that, based on the decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Gardner, 823 F.3d 793 (4th Cir. 2016), he does not have three prior convictions to qualify as an armed career criminal under 18 U.S.C. § 924(e), and therefore, his sentence exceeds the statutory maximum authorized by law. (DE # 86, at 4.)

In its response to the motion, the government acknowledges that petitioner's prior North Carolina conviction for attempted common law robbery is not a violent felony under § 924(e), and therefore, petitioner lacks the three predicate convictions necessary to be sentenced as an armed career criminal. (DE # 91, at 3.) The government "agrees that Petitioner's judgment should be vacated and that Petitioner should be resentenced[.]" (Id.)

The court agrees that petitioner is entitled to relief based on Johnson.[1] Accordingly, the § 2255 motion is GRANTED. The judgment entered 21 July 2009 is hereby VACATED.

---

[1] The court notes that defendant's guideline range was not based on his being an armed career criminal. (See PSR, DE # 83, ¶ 70.) However, given that the court sentenced defendant to 360 months imprisonment, defendant's sentence was in fact based on his being an armed career criminal under § 924(e).

Resentencing is hereby SET for 29 August 2016.

This 2 August 2016.

_____
W. Earl Britt
Senior U.S. District Judge