UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:08-CR-146-1BR
NO: 7:18-CV-80-BR

| | | |
|---|---|---|
| ERIC JEVONNE BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's objection to the 23 July 2018 Order of U.S. Magistrate Judge Kimberly A. Swank. (DE # 134.) In that order, Judge Swank granted petitioner's motion for extension of time to respond to the government's motion to dismiss his 28 U.S.C. § 2255 motion and denied without prejudice petitioner's requests for the transcript of his resentencing hearing because the transcript was not needed to decide the issues presented in the government's motion. (DE # 133.) Petitioner objects to Judge Swank's order insofar as she denied his requests for his resentencing hearing transcript. As such, the court conducts a review to determine whether the order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A).

At the outset, Judge Swank determined that petitioner had mislabeled his 28 U.S.C. § 2250 motion for a transcript and that it should be deemed a motion under 28 U.S.C. § 753(f) because there is no indication a transcript of the resentencing hearing had already been prepared. (DE # 133, at 1.) Petitioner contends his motion should be considered as he labeled it under § 2250 because the only difference between the two statutes is which entity, the court or the

government, pays for the cost.  (DE # 134, at 2.)  Because the resentencing hearing transcript has not yet been prepared, Judge Swank correctly considered petitioner's requests for a transcript under § 753(f).  See Terry v. United States, No. 5:13-CR-76-FL-1, 2017 WL 696684, at *2 (E.D.N.C. Feb. 22, 2017).

Judge Swank also determined that the government "does not appear to dispute the facts underlying Petitioner's claim—that Petitioner's attorney did not ask the court to run the federal sentence concurrently with Petitioner's state sentence."  (DE # 134, at 3.)  In its memorandum supporting its motion to dismiss, the government does not argue counsel's performance was objectively reasonable nor does it dispute that counsel did not in fact ask for a concurrent sentence.  (DE # 123.)  The government only argues petitioner was not prejudiced and because both deficient performance and prejudice are needed to satisfy an ineffective assistance of counsel claim, petitioner's motion fails.  (Id. at 5-6.)   Thus, at this stage in the proceedings, Judge Swank correctly concluded that petitioner does not need the resentencing hearing transcript to further his arguments.

Accordingly, petitioner's objection is OVERRULED.

This 15 October 2018.

_____
W. Earl Britt
Senior U.S. District Judge