UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:08-CR-146-1-BR
NO: 7:18-CV-80-BR

| | | |
|---|---|---|
| ERIC JEVONNE BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 122.) Petitioner filed a "reply" in opposition to the motion. (DE # 135.)

In 2009, petitioner pled guilty to possession of a firearm by a convicted felon, and the court sentenced him to a term of 360 months imprisonment. Petitioner appealed his conviction and sentence. The Fourth Circuit Court of Appeals affirmed in part and dismissed in part. United States v. Bennett, No. 09-4650 (4th Cir. Aug. 27, 2010).

In 2016, and after the Fourth Circuit Court of Appeals' authorization, petitioner filed a § 2255 motion to vacate his sentence based on the decisions in Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Gardner, 823 F.3d 793 (4th Cir. 2016). The government did not oppose the motion. In August 2016, the court vacated the 2009 judgment and sentenced petitioner to 120 months imprisonment.

In 2017, the court received a letter from the Bureau of Prisons ("BOP") informing the court that petitioner had requested that his federal sentence of imprisonment be served

concurrently with a state sentence of imprisonment imposed in 2010, "which would be accomplished by the [BOP] [retroactively] designating the state institution for service of his federal sentence." (DE # 105, at 2.) The BOP requested the court's position on whether petitioner's federal sentence runs concurrently with or consecutively to his state sentence. (Id.) According to the BOP, petitioner's state sentence concluded in April 2016, and if the court indicated the federal sentence runs concurrently, the BOP would deem his federal sentence to start on a date which would result in his immediate release from the BOP's custody. (Id. at 1, 2.) The court directed counsel for both parties to file a response to the letter. (DE # 106.) Petitioner's counsel requested that the court amend the judgment to include a recommendation that the federal sentence run concurrently. (DE # 109.) The government opposed that request. (See DE # 108.) The court responded to the BOP, stating its intention that petitioner's federal sentence run consecutively to his state sentence. (DE # 111.)

In February 2018, the court received a letter from petitioner inquiring about the status of the court's response to the BOP's 2017 letter. (DE # 112.) By order, the court informed petitioner of its response to the BOP and denied petitioner relief to the extent his letter could be deemed a motion regarding the retroactive designation of his sentence of imprisonment. (DE # 114.) Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed, (DE # 136).

In the meantime, petitioner filed the instant § 2255 motion. (DE # 119.) Petitioner claims counsel was ineffective because, in conjunction with petitioner's 2016 resentencing, she misadvised petitioner regarding the amount of time in custody the BOP would credit towards his federal sentence and failed to ask the court to run his federal sentence concurrently with his state sentence. (DE # 119-1, at 5.) The government contends this claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." . . . .
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted). A reasonable probability that the outcome of the defendant's sentencing would have changed is enough to show prejudice. See id. at 746.

The government does not argue that petitioner has failed to sufficiently alleged counsel's deficient performance. Rather, it argues that petitioner cannot show he was prejudiced by counsel's performance. The court agrees.

Even if counsel had correctly advised petitioner about the amount of time he spent in custody which BOP would credit to his federal sentence and even if at resentencing she had requested the federal sentence to run concurrently with the state sentence, the result would be the same. As the court indicated to the BOP, it was the court's intent (from the outset of

3

resentencing) that the federal sentence run consecutively to the state sentence. Petitioner's counsel tried, albeit unsuccessfully, to change the court's mind. Therefore, it made no difference in petitioner's sentence whether counsel raised the issue at resentencing or after. Also, the purported misinformation counsel conveyed to petitioner made no difference in the court's conclusion about how the federal sentence should run.

For the foregoing reasons, petitioner is not entitled to relief on his claim. The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 15 May 2019.

_____
W. Earl Britt
Senior U.S. District Judge