IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:08-cr-00146

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | (UNDER SEAL) |
| ERIC JEVONNE BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

On November 24, 2021, Defendant Eric Jevonne Bennett ("Bennett") filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). DE 143. Bennett later filed, through counsel, a supplement supporting his motion. DE 149. The United States responded in opposition on January 26, 2022. DE 152.

On January 10, 2024, the court ordered the parties to file supplements regarding Bennett's current vaccination status and medical history, and how his current facility has affected Bennett's health or ability to stay well. *See* DE 156. The United States and Bennett, though counsel, timely filed their supplemental briefs on the above points as requested. DE 158; DE 161.[1] For the following reasons, the motion is denied without prejudice.

Upon a defendant's motion, a district court may reduce the defendant's term of imprisonment if (1) thirty days have elapsed from the receipt of the defendant's request that the

---

[1] The court makes no findings with respect to any new evidence or arguments raised in the parties' respective supplements, since the other party has had no opportunity to rebut them. *See Weigle v. Pifer*, 139 F. Supp. 3d 760, 774 n.10 (S.D.W. Va. 2015) (citing *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir.1995)).

warden of the defendant's facility move for compassionate release on her behalf; (2) extraordinary and compelling reasons and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a reduction; and (3) the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Davis*, 99 F.4th 647, 653–54 (4th Cir. 2024). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

During the pendency of Bennett's motion, the Sentencing Commission has revised the relevant policy statement outlining circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G.]. As relevant here, circumstances presenting "extraordinary and compelling reasons" include being "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." *Id.* § 1B1.13(b)(1)(D). The defendant must also demonstrate that "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure" to the ongoing infectious disease outbreak or public health emergency; and that "such risk cannot be adequately mitigated in a timely manner." *Id.* The Sentencing Commission also advises that, to qualify for relief, the defendant must not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See id.* § 1B1.13(a)(2).

The court may deny a defendant's motion for compassionate release based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331–32. "A defendant seeking relief under

2
Case 7:08-cr-00146-M   Document 162   Filed 07/29/24   Page 2 of 5

§ 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted." *United States v. Bryant*, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

Bennett argues that his hypertension, hyperlipidemia, and custodial environment places him at an increased risk of severe illness if he contracts COVID-19. DE 149 at 5–9. Bennett is currently housed at a residential reentry center near Butner, North Carolina. Bennett has not submitted, and the court cannot find, any evidence supporting the notion that his residential reentry center faces an ongoing or potential COVID-19 outbreak. Moreover, Congress has declared the end of the national emergency concerning COVID-19. *See* H.R.J. Res. 7, 118th Cong. (2023), https://www.congress.gov/bill/118th-congress/house-joint-resolution/7 (last visited Apr. 17, 2024). Therefore, his facility does not appear to be experiencing an actual or imminent "outbreak of infectious disease" or "public health emergency" relating to COVID-19. U.S.S.G. § 1B1.13(b)(1)(D).

The court recognizes his hypertension and hyperlipidemia increase his personal risk of suffering a severe outcome upon infection. However, Bennett is fully vaccinated against COVID-19. DE 152-3 at 2. He has had—and recovered from—at least one previous infection without any notable consequences to his long-term health. *Id.* It is well-established that full vaccination status "reduces [his] risk of serious infection." *United States v. Luna*, No. 7:16-CR-11-D-1, 2021 WL 5828034, at *3 (E.D.N.C. Dec. 7, 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of

3

COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Therefore, even if he could demonstrate a current or potential outbreak or public health crisis at his facility, his particularized risk to COVID-19 has been "adequately mitigated" and does not constitute an "extraordinary and compelling reason" warranting his release under § 1B1.13(b)(1)(D). *See, e.g.*, *United States v. Fox*, 2024 WL 3503467, at *3–4 (W.D. Va. July 19, 2024); *United States v. Walker*, 2024 WL 1680025, at *9 (E.D. Va. Apr. 18, 2024); *United States v. Solett*, 2023 WL 8810806, at *5 (W.D. Va. Dec. 20, 2023).

Assuming without deciding that Bennett has demonstrated his risk to COVID-19 constitutes an extraordinary and compelling reason for release, the 3553(a) factors counsel against his release. To be sure, Bennett has been substantially compliant while incarcerated and has taken significant steps toward rehabilitation. Indeed, as he argues, he has completed multiple ACE education programs, has maintained employment during his sentence, and has not incurred any disciplinary infractions during his time in BOP. DE 143 at 3–6. However, during the instant offense, he burglarized a home and attempted to flee when the victim spotted him exiting his residence. DE 83 ¶ 3. He entered the stolen van he brought to the residence, pulled out a double-barrel shotgun, and fired two rounds at the victim as he fled. *See id.* As law enforcement joined the pursuit, Bennett repeatedly attempted to cause patrol vehicles to collide into civilian ones and hit pedestrians. *See id.* ¶ 4. The chase ended when Bennett collided with a patrol vehicle, at which point he jumped from the stolen van and escaped on foot. *Id.* Law enforcement eventually identified him because he left his letter from the Cumberland County Public Defender's Office in the van. *See id.* ¶ 5. The nature and circumstances of the offense and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment" counsel against his release, despite his substantial evidence of postsentencing rehabilitation. *See*

4

18 U.S.C. § 3553(a)(1) & (2)(A).

In sum, Bennett has failed to demonstrate that his risk of harm resulting from COVID-19 constitutes an extraordinary and compelling reason. Moreover, the 3553(a) factors as described above counsel against his release. Bennett's motion for compassionate release [DE 143] is DENIED.

SO ORDERED this 29th day of July, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE